| | |
|---|---|
| D.W., <br><br> Plaintiff, <br><br> v. <br><br> MANN BRACKEN, LLP <br><br> Defendant. | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

D.W. ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MANN BRACKEN, LLP ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. §§ 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to *15 U.S.C. § 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. § 1367* grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business and has an office in the state of Delaware and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to *28 U.S.C. § 1391(b)(1)*.

5. Declaratory relief is available pursuant to *28 U.S.C. §§ 2201 and 2202*.

## PARTIES

6. Plaintiff is a natural person and a minor residing with his mother, Angela Williams, at 4 Silsbee Road New Castle, DE 19720.

7. Plaintiff is a "consumer" as that term is defined by *15 U.S.C. § 1692a(3)*.

8. Defendant is a national debt collection company with corporate headquarters located at One Paces West, Suite 1400, 2727 Paces Ferry Road, Atlanta Georgia 30339.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. § 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant and others it retained began in March of 2009 through the present to constantly and continuously place harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt alleged to be owed by his mother.

12. Defendant and others it retained placed calls to Plaintiff's home telephone.

13. Defendant places calls to Plaintiff from the telephone numbers 800-817-3214, ext 2448, and others.

14. Defendant identified the case number being called about as "Reference Number 8293452".

15. On or about July 11, 2009, Defendant called Plaintiff. The voice was

caller asked if she was speaking to D.W., and Plaintiff replied yes. The female caller responded with the statement that D.W. owed over $5000 on a Chase account and that he needed to make a payment. D.W. explained that he didn't know what she was talking about and that he did not have a job, he was a kid [sic] and didn't know how he could owe. The female went on to state that D.W. was "messing up his credit" by not paying the debt. Plaintiff stated that he would have to speak with his mother. The female that called never identified herself to D.W. but on July 12, 2009 Plaintiff's mother, Angela Williams, received another call from Defendant and spoke to a woman identifying herself as Susan Evans. Ms. Williams explained to Evans what happened to her son over the weekend and asked who the female was that spoke to D.W. Ms. Willaims was told by Ms. Evans that the caller had been "Fran" according to the computer, but she did not know her last name or extension.

16. Plaintiff was born in 1993, and by virtue of his age, is legally incapable of contracting with a credit card company until he reaches majority.

17. Plaintiff's mother demanded that calls stop immediately and told Defendant that Plaintiff was a minor and should not be spoken to about the matter, but her instructions were disregarded by Defendant and others it retained.

18. Defendant refused/refuses to heed Plaintiff's instructions and continued calling.

19. Defendant has called and made threats to Plaintiff and his credit, though Plaintiff was a minor.

20. Persons who identified themselves during calls include: "Shania Parker";

- 3 -

"Ryan"; "Darnell Bolling" and "Erica Clanton". Upon information and belief, some or all of these names are assumed.

21. Repetitive calls to Plaintiff are/where disturbing, harassing, an invasion of privacy and made Plaintiff feel apprehensive about answering the telephone for himself or his mother.

22. Plaintiff was fearful that the threats made by Defendant were being acted upon and would financially destroy his mother and himself.

23. Being a minor, Plaintiff did not understand that Defendant had no lawful reason for calling him, or that he had the right not to participate in the calls if he did not wish to.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692 generally.*

    b. Defendant violated *§1692b(2)* and of the FDCPA by stating that Plaintiff's mother owes a debt;

    c. Defendant violated *§1692c(b)* and of the FDCPA by communicating with Plaintiff a minor, about his mother's debt;

    d. Defendant violated *§1692d* and of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    e. Defendant violated *§1692d(5)* and of the FDCPA by causing a telephone to ring and engaging a minor (Plaintiff) in telephone conversations repeatedly and continuously with the intent to annoy,

- 4 -

abuse, and harass and in refusing to heed to Plaintiff's age being a bar to making such calls;

 f. Defendant violated *§1692d(6)* and of the FDCPA by placing telephone calls to Plaintiff without meaningfully disclosing the caller's identity.

 g. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt in that callers indicated that Plaintiff's credit would be affected by non-payment of a debt that he as a minor, was not as a matter of law, legally obligated to pay;

 h. Defendant violated *§1692e(4)* of the FDCPA by representing or implying that the nonpayment of the debt will result in seizure, garnishment, attachment or sale of any property or wages.

 i. Defendant violated *§1692e(6)* of the FDCPA by threatening to take action that cannot legally be taken or that is not intended to be taken.

 j. Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means to collect or attempt to collect any debt or to obtain information concern Plaintiff's mother (consumer).

 k. Defendant violated *§1692f* by using unfair and unconscionable means to collect or attempt to collect any debt.

25. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, D.W., respectfully requests judgment be entered against Defendant, MANN BRACKEN, for the following:

   a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

   b. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k*,

   c. Actual damages,

   d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. § 1692k*, and

   e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, D.W., demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED:                KIMMEL & SILVERMAN, P.C..

November 25, 2009

By: /s/ Kate Shumaker

Kate Shumaker
Attorney for Plaintiff

- 6 -

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Delaware

    Plaintiff, D.W, a minor, by and through his parent and sole guardian ANGELA WILLIAMS, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, D.W, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE:_____ *Angela Williams*

                                       D.W.
                              By and Through his Parent and Sole
                              Legal Guardian, ANGELA WILLIAMS